# IN THE SUPREME COURT OF THE STATE OF NEVADA

ARTURO CALDERON BOLANOS, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 80610

FILED

SEP 16 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Barry L. Breslow, Judge. Appellant Arturo Calderon Bolanos, Jr., contends that the district court erred in rejecting his claims of ineffective assistance of counsel without conducting an evidentiary hearing. We affirm.

To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1113-14 (1996) (applying *Strickland* to appellate-counsel claims). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). When a postconviction petition raises claims supported by specific factual allegations which, if true, would

21-26908

entitle the petitioner to relief, the petitioner is entitled to an evidentiary hearing unless those claims are repelled by the record. *Hargrove v. State*, 100 Nev. 498, 503, 686 P.2d 222, 225 (1984).

First, appellant argues that evidence about his gang involvement was erroneously admitted. Appellant relies on this court's decision in *Gonzalez v. State*, 131 Nev. 991, 366 P.3d 680 (2015), which reversed a conviction because the trial court did not bifurcate consideration of a gang enhancement from the guilt phase of trial. Because this court considered and rejected this argument on appeal, *Bolanos v. State*, Docket No. 65622 Order of Affirmance at 4 (Nov. 24, 2015), the doctrine of the law of the case precludes reconsideration unless appellant demonstrates a substantive change in law applicable to his case, *Hsu v. County of Clark*, 123 Nev. 625, 632, 173 P.3d 724 (2007); *Hall v. State*, 91 Nev. 314, 315, 535 P.2d 797, 798 (1975); *see also* NRS 34.810(1)(b)(2) (waiver bar). Here, the *Gonzalez* decision did not substantively change the law regarding the admission of gang evidence. In fact, *Gonzalez* specifically approved of the admission of gang affiliation evidence to show motive—the purpose for which it was introduced during Bolanos' trial. *Gonzalez*, 131 Nev. at 1002-03, 366 P.3d at 687-88; *Bolanos*, Docket No. 65622, Order of Affirmance at 4. To the extent that appellant claimed his appellate counsel should have filed a petition for rehearing based on *Gonzalez*, we conclude that appellant did not allege sufficient facts to demonstrate deficient performance or prejudice because, as noted above, such an argument would have been futile. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006). Accordingly, the district court did not err in denying this claim without conducting an evidentiary hearing.

Second, appellant argues that trial counsel should have introduced gang expert testimony to refute testimony about appellant's gang association and attribute different meaning to his tattoos. Counsel alone has the ultimate responsibility of deciding which witnesses to develop, *Rhyne v. State*, 118 Nev. 1, 8, 38 P.3d 163, 167 (2002), and appellant has not alleged sufficient facts to overcome the presumption that counsel acted reasonably, *see Strickland*, 466 U.S. at 690 (providing that counsel is strongly presumed to have exercised reasonable professional judgment). Because the most persuasive evidence of appellant's gang membership was his own admission made during a field interview, appellant did not demonstrate that counsel performed deficiently in not introducing expert testimony to suggest otherwise. Appellant also failed to demonstrate prejudice given the strength of the expert's opinion and the substantial evidence of guilt. The State's expert's opinion was undermined by his acknowledgments that appellant's tattoos could have other significance besides gang membership, some of his tattoos were inconsistent with Norteno gang membership, and that the shooting itself did not appear to be a "gang-type hit-up." Additionally, appellant was identified by two witnesses, who were already familiar with him and who observed him with a rifle near the time that shots were fired. The car in which he travelled to the scene contained an empty rifle case and ammunition. Appellant's clothing was stained with one of the victim's blood. A rifle magazine, cartridge, and appellant's shirt were recovered from a vehicle he had been seen interacting with. Photos on appellant's phone indicated that he possessed a firearm similar to the one used in the shooting. He was later arrested in California after giving a false name and changing his

appearance. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Third, appellant argues the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding evidence that a victim's testimony was obtained in connection with a promise of a favorable sentencing recommendation from the Washoe County District Attorney. He also asserts that appellate counsel should have argued that the State violated *Brady*. There are three components to a successful *Brady* claim: "the evidence at issue is favorable to the accused; the evidence was withheld by the state, either intentionally or inadvertently; and prejudice ensued, i.e., the evidence was material." *Mazzan v. Warden*, 116 Nev. 48, 67, 993 P.2d 25, 36-37 (2000). Appellant did not demonstrate that the State possessed evidence favorable to him. The documents supporting this claim were not generated until after the witness testified; thus, they could not be used during cross-examination. Moreover, the documents do not support an inference that the witness was promised any consideration regarding his pending case based on his testimony at appellant's trial. As appellant failed to demonstrate a meritorious *Brady* claim, he failed to demonstrate that appellate counsel performed deficiently. Therefore, the district court did not err in denying this claim.

Fourth, appellant contends that trial counsel should have presented testimony from Dr. Deborah Davis, who would have testified that eyewitness accounts were inherently unreliable based on poor lighting, intoxication, stress, cross-cultural issues, and post-event information. Near the end of trial, counsel declined to call Dr. Davis, concluding that other testimony was sufficient. Appellant failed to overcome the presumption that this decision was reasonable. *See Strickland*, 466 U.S. at 690

(providing that counsel is presumed to have exercised reasonable professional judgment); *Lara v. State*, 120 Nev. 177, 180, 87 P.3d 528, 530 ("[C]ounsel's strategic or tactical decisions will be virtually unchallengeable absent extraordinary circumstances."). The fact that darkness, stress, and intoxication may cast doubt on the certainty of an identification is a matter of common sense and therefore did not require specialized testimony to understand. *See United States v. Raymond*, 700 F. Supp. 2d 142, 150 (D. Me. 2010) (recognizing that expert witness testimony about matters of common sense "invites a toxic mixture of purported expertise and common sense"); *see also Townsend v. State*, 103 Nev. 113, 117, 734 P.2d 705, 708 (1987) (recognizing that expert testimony is admissible when "the expert's *specialized knowledge* will assist the trier of fact to understand the evidence or determine a fact in issue" (emphasis added)). While expert testimony about the effect of cross-cultural issues and post-event information may have been admissible, it was not unreasonable for trial counsel to forgo this testimony and instead argue that the eyewitness' identifications were unreliable based on inconsistent descriptions of physical features and the conditions in which the witnesses observed the suspects. Appellant further failed to demonstrate prejudice given the aforementioned evidence of guilt. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Fifth, appellant contends that trial counsel should have presented testimony from a ballistics expert who would have testified that based on appellant's height, bullet trajectories, and the apparent inexperience of the shooter, appellant could not have been the shooter. Appellant failed to demonstrate deficient performance. The State alleged that appellant fired at a moving vehicle and then the occupants as they ran

away. The defense attempted to develop reasonable doubt by pointing to the absence of a weapon linking appellant to the crime, particularly arguing that there was no way to confirm that the rifle in appellant's photos was the same caliber as the weapon used in the crime or even an actual firearm. These arguments would be undermined by any assertion that appellant was a more experienced shooter. Moreover, given the aforementioned evidence of guilt, appellant did not demonstrate a reasonable probability of a different result at trial had counsel introduced this expert testimony. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Sixth, appellant alleged that trial counsel should have obtained a jury instruction concerning the loss of gunshot residue evidence, which the State collected, but did not test.[1] Appellant failed to demonstrate prejudice. A defendant may be entitled to an instruction that lost or destroyed evidence was favorable to the accused when it is shown that the loss of the evidence amounted to a due process violation. *State v. Daniel*, 119 Nev. 498, 521, 78 P.3d 890, 905 (2003); *Sanborn v. State*, 107 Nev. 399, 408, 812 P.2d 1279, 1286 (1991). At trial, the State's expert conceded that testing of the swabs would not have shown the presence of any residue due to the length of time between the shooting and the swab collection. Given this concession, appellant did not demonstrate a reasonable likelihood of a different result at trial had the jury been similarly instructed. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

---

[1]Appellant was aware that no testing or results were generated at the time of trial.

Seventh, appellant argues that the cumulative effect of counsel and trial court errors denied him due process. Even assuming that multiple instances of deficient performance may be cumulated for purposes of showing prejudice, *see McConnell v. State*, 125 Nev. 243, 259 n.17, 212 P.3d 307, 318 n.17 (2009), appellant only demonstrated one instance of arguable deficient performance, which itself was not prejudicial.

Having considered appellant's contentions and concluding that they lack merit, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, C.J.
Hardesty

_____, J.          _____, Sr.J.
Parraguirre                          Gibbons

cc:   Hon. Barry L. Breslow, District Judge
      Oldenburg Law Office
      Attorney General/Carson City
      Washoe County District Attorney
      Washoe District Court Clerk

---

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.